CLIFF JOHNSON v. THE STATE.

No. 4616. Decided October 17, 1917.

Rehearing denied February 13, 1918.

1.—Local Option—Indictment.

Where, upon trial of a violation of the local option law, the indictment was according to approved precedent, the motion to quash was correctly overruled. Following Watson v. State, 52 Texas Crim. Rep., 551.

2.—Same—Sufficiency of the Evidence—Detective—Agency.

Where, upon trial of the violation of the local option law, the conviction rested not only upon the testimony of a detective, but was largely corroborated by the defendant's testimony himself, and the question of agency, claimed by

the defendant in buying the whisky, was properly submitted to the jury, the conviction must be sustained.

**3.—Same—Functions of the Jury—Sufficiency of the Evidence.**

Where appellant insisted that the State's witness, upon whose testimony the conviction rested, was unworthy of belief, but the evidence was sufficient, although conflicting, to sustain the conviction, this court will not set the same aside on that ground. Following Turner v. State, 37 Texas Crim. Rep., 451, and other cases.

Appeal from the District Court of Cooke County, Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year confinement in the penitentiary.

The opinion states the case.

*Owen Davis,* for appellant.—On question of indictment: Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant's conviction was for selling intoxicating liquors in territory in which such sales were prohibited.

A motion to quash the indictment was presented. The language of the indictment is as follows:

"That on the 28th day of May, A. D. 1910, an election, in accordance with the laws of this State, was held under authority of an order of the commissioners court of Cooke County, Texas, theretofore duly made and published to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said county, and thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county, and thereupon said order was published for the time and in the manner required by law, and thereafter on or about the 3rd day of February, A. D. 1917, and anterior to the presentment of this indictment, in Cooke County, and State of Texas, Cliff Johnson did unlawfully sell to W. C. Rusk intoxicating liquor in violation of said law and against the peace and dignity of the State."

Supporting his contention that the indictment is insufficient, appellant cites Carnes v. State, 50 Texas Crim. Rep., 282; also Commonwealth v. Cope, 53 S. W. Rep., 272, and other cases of similar tenor. The indictment is in substantially the same terms as the one declared valid by this court in Watson's case, 52 Texas Crim. Rep., 551. The opinion in the Watson case reviews the Texas cases on the subject cited by appellant, and, without repeating the discussion, our opinion is that upon the authority of the Watson case there was no error in overruling

the motion to quash the indictment, and we are further of the opinion that the conclusion reached in the case last mentioned was correct.

The State's case was proved by a detective with whom the transaction was had. He claimed that he bought a pint of whisky from appellant; that he had asked appellant about an hour before if he knew where he could get some whisky, and appellant replied that he had a little on hand. Witness told him he was feeling bad and wanted a drink; that appellant in about an hour returned with a bottle and delivered it to witness upon the payment of a dollar. A very strong and plausible attack upon this State's witness is made in the written argument on the ground that he was hired to bring about prosecutions, and that there was proof that he offered for hire to abandon the prosecution and leave the State. The record discloses, however, that the appellant in his testimony, in a sense, corroborates the State's witness. We quote from his testimony as follows: "I didn't sell W. C. Rusk a pint of whisky. I went after a pint of whisky for him. I went down by George Leathers for the whisky. That is a pool hall—I think a negro pool hall. I got the whisky from this fellow Robinson. He is a negro, that is all I know. He was selling whisky. He had been working for Moodie & Wilson in their cotton office. W. C. Rusk come up and asked me if I knew where I could get any whisky and I told him yes. After a while he came back and said what did you find out? and I said, 'Give me a dollar and I will get you a pint.' He gave me a dollar to get it and when I got it I gave it to him in the pool hall. I don't remember who was present at the time. I helped him drink several drinks of whisky. I drank out of his bottle two, three, four or five times. He called me back and asked me if I wanted a drink." The jury was instructed that if appellant acted as the agent of the State's witness in buying the whisky, or if there was a reasonable doubt on the subject, he would be entitled to an acquittal. There is no complaint of the manner in which the issue of agency was submitted to the jury. The sole questions raised are the sufficiency of the indictment and sufficiency of the evidence. The indictment, in our opinion, is good, and we do not feel authorized to hold the evidence insufficient.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### February 13, 1918.

MORROW, JUDGE.—Appellant in a very earnest and forceful motion insists that the State's witness, upon whose testimony the conviction rests, was unworthy of belief. There is no bill of exceptions complaining of the admission of evidence nor of the manner in which the issues were submitted to the jury. The State's witness testified to facts, which, if true, constitute an offense. Appellant testified to a state of facts, which, if believed, would have exculpated him.

This court has never assumed the right, where the evidence is sufficient, if believed, but conflicting, to set aside the verdict because the judges might, if they had been upon the jury, believed the evidence of one witness and disbelieved that of another.  The contrary view has been taken by this court throughout its history, and by the Supreme Court when it had jurisdiction of criminal matters.  Shaw v. State, 27 Texas, 750; Lockhart v. State, 3 Texas Crim. App., 567; O'Connor v. State, 37 Texas Crim. Rep., 267; Turner v. State, 37 Texas Crim. Rep., 451, and numerous cases listed in White's C. C. P., p. 601, sec. 942.  In fact, the Code of Criminal Procedure, in terms, provides that "The jury, in all cases, are exclusive judges of the facts proved, and of the weight to be given to the testimony."  To the same effect is article 734, as follows: "The jury are the exclusive judges of the facts in every criminal case."  Later expressions of the court will be found in Vernon's C. C. P., p. 689, note 15.

The motion for rehearing is overruled.

*Overruled.*