SAM JACOBS v. THE STATE.

No. 5266. Decided February 12, 1919.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Function of Jury—Rule Stated.**

The jury in all cases are the exclusive judges of the facts proven and the weight to be given to the testimony, and this court has never assumed the authority to reverse a case where the evidence, although conflicting, is sufficient

if believed by the jury, although the trial judge may have such discretion. Following Johnson v. State, 200 S. W., Rep., 832.

Appeal from the District Court of Limestone.    Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. Kennedy* and *James Kimbell,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction was for the sale of intoxicating liquor in violation of the local option prohibition law.

The prosecuting witness testified definitely that he purchased whisky, at the date alleged in the indictment, from the appellant.   The sale was denied by appellant, and various circumstances were introduced to discredit the testimony relied on by the State, and its witness was impeached upon collateral matters.

The issue was submitted to the jury in a charge which is not complained of and their finding upon conflicting evidence, having been approved by the trial court, this court is not authorized to disturb it. White's C. C. P., art. 766, provides:  "The jury in all cases are the exclusive judges of the facts proven and the weight to be given to the testimony."   And in art. 734, C. C. P., it is declared:  "The jury are the exclusive judges of the facts in every criminal case."   See cases Vernon's C. C. P., p. 689, note 15.   This court has never assumed the authority to reverse a case where the evidence, though conflicting, is sufficient if believed by the jury.   The State's witness being a competent witness, and having testified to a state of facts, which, if true, established the guilt of the appellant, his credibility, in the light of impeaching testimony or controverting facts, is peculiarly within the province of the jury.   It is neither practicable nor lawful for the appellate court or the trial court to take away from the jury the authority conferred upon them by law to pass upon the weight and credibility of evidence.   The trial court, in reviewing the matter on motion for new trial, may have some discretion to set aside the verdict which he, after hearing the evidence, regards as unjust, but that discretion does not exist in an appellate court, the judges of which have neither seen the witnesses nor heard them testify.   The law recognizes, and the courts have often affirmed, that where the evidence is conflicting the jury and the trial judge are in a position much more favorable than the judges of the appellate court to determine whether the verdict reflects the truth.   See Johnson v. State, 83 Texas Crim. Rep., 61, 200 S. W. Rep., 832.

The judgment is affirmed.

*Affirmed.*