## Gilford Sloan v. The State.

No. 11361.   Delivered January 11, 1928.

Rehearing denied June 20, 1928.

The opinion states the case.

*Sturgeon & Sturgeon* of Paris, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, four years in the penitentiary.

There are six bills of exception in the record, each of which has received careful attention.   Bill No. 1 complains of the refusal of a peremptory instruction for acquittal.   We think such refusal not error.

Bill No. 2 complains of the refusal of a charge, in substance, instructing the jury that before they could convict they must believe beyond a reasonable doubt that one Hazel purchased the intoxicating liquor in question from the defendant, and that if they had a reasonable doubt as to whether appellant was the party from whom he purchased said liquor, they should acquit.   This we think sufficiently covered by the main charge which instructed the jury that if they believed from the evidence beyond a reasonable doubt defendant did sell intoxicating liquor to said Hazel, they should convict; but if

they did not so believe, or if they had a reasonable doubt thereof, they should acquit. Bill No. 3 is to the refusal of a charge substantially the same as that complained of in bill No. 2. The fourth bill of exceptions was taken to the refusal of the court to grant a new trial. No complaint of misconduct of the jury, or of newly discovered evidence, or of other matter foreign to the regular trial, appears in said motion. Believing the evidence sufficient to support the verdict of the jury, and that no error of procedure appears, we perceive nothing in such bill of exceptions.

Appellant's fifth complaint is that the prosecuting witness was permitted to answer the question as to whether or not in his best judgment appellant was the man from whom he bought the liquor. No authorities are cited and none known to us holding this to be error. Cases might be cited holding to the contrary.

Appellant vigorously assails the sufficiency of the testimony. As we view the record, the merit of this appeal depends upon whether the jury or this court are the judges of the credibility of the witnesses. By the express terms of Art. 657 C. C. P., the jury are made the exclusive judges of the facts. This has been held to withdraw from this court, and to repose in the jury, the right to pass on the credibility of the witnesses. Smith v. State, 65 Texas Crim. Rep. 629. In Norwood v. State, 80 Texas Crim. Rep. 552, it is stated that this court will not disturb a conviction because it may be our opinion that we would not have rendered the verdict given by the jury, if the evidence had been submitted to the members of the court in the first instance. The same holding appears in Johnson v. State, 83 Texas Crim. Rep. 61. In Jacobs v. State, 84 Texas Crim. Rep. 564, we held that where the issues had been submitted to the jury in a manner satisfactory to the accused, that the finding of the jury on conflicting evidence will not be disturbed. The prosecuting witness in this case did not appear anxious to give testimony to convict. He said that at the time he bought the whisky he did not know the man from whom he bought it; he further said that he met appellant to know him, later, but he affirmed without question that in his best judgment appellant was the man from whom he bought the whisky. There is some testimony as to where appellant lived which tends to corroborate the testimony of said prosecuting witness who told how he was carried in a car down to where he bought the whisky. We note that appellant did not take the stand, nor did he introduce any witness to deny the facts stated by said

prosecuting witness, but seemed to rest his case on the testimony for the State.

Being of opinion that it is not our duty to disturb a verdict and judgment upon facts like these, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

Appellant makes complaint in his motion in varied and sundry ways of our opinion, all of which can be summed up in saying that he thinks the evidence not sufficient to warrant the finding of the jury. We have again carefully reviewed the facts.

Mr. Hazel testified positively that he bought whisky from a man up near the home of Dr. Grissom about August 1st. He described the man and said that appellant suited the description. He testified that the man had whiskers and in his judgment appellant was the man. The State rested, and the defense introduced two barbers, each of whom testified that they knew defendant about the time of the alleged sale and that he wore no whiskers. The witnesses said that appellant shaved at their shop. At this point Mr. Hazel was recalled by the defense and testified that he did not know who the man was that he bought the whisky from, but that he had formed his acquaintance since he bought it, that he had formed appellant's acquaintance since he bought the whisky. He said he would not swear appellant was the man he got the liquor from. When interrogated by the State he said that according to his best judgment appellant was the man he got the liquor from, and testified as follows: "I went to his house in a car. He carried me up main street here in town and down to the railroad station and up by Dr. Grissom's and turned down an old dilapidated street leading to the school house." Interrogated again as to the whiskers worn by the man from whom he got the liquor, he said he appeared not to have shaved for a day or two. Another witness swore appellant lived near Dr. Grissom. We adhere to the conclusion announced in our original opinion, that the jury accepted the statement of Mr. Hazel as true and that we are not disposed to disturb their verdict.

The motion for rehearing will be overruled.

*Overruled.*