### GUY FOSTER v. THE STATE.

No. 11236.   Delivered January 11, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*W. W. Kirk* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for two years.

Appellant calls in question the sufficiency of the evidence. The state's witness Carl Miller testified, in substance, on direct examination, that he bought whiskey from appellant in the town of Farwell; that he did not remember how much he bought and did not recall how much he paid for the whiskey. On cross-examination, the witness testified that the officers threatened to indict him for transporting liquor if he didn't state that he got the whiskey in question from appellant; that he, the witness, had previously told the officers that he bought the whiskey from Carra Rawley in Texaco, New Mexico; that after the officers threatened him with prosecution he told them that he got the whiskey from appellant. On re-direct examination the witness stated, in substance, that he was telling the truth when he declared that he purchased the liquor from appellant, but averred on recross-examination, that, "my first statement was true." The record shows that the witness Miller was under indictment for theft and automobile theft.

We are unable to agree with appellant that the evidence was insufficient to warrant the jury in returning a verdict of guilty. The jury were the exclusive judges of the facts testified to by Miller and of the weight to be given to his testimony. Article 706 C. C. P. Although his testimony was conflicting, the witness testified to facts

sufficient to authorize the jury to conclude that appellant was guilty as charged.

Article 657 C. C. P., provides:

"The jury are the exclusive judges of the facts . . ."

This court is not authorized to disturb the finding of the jury upon conflicting evidence, where such evidence is sufficient if believed by the jury. Jacobs v. State, 208 S. W. 917.

We quote from the case of Jacobs, supra, as follows:

"The state's witness being a competent witness, and having testified to a state of facts which, if true, establish the guilt of the appellant, his credibility, in the light of impeaching testimony or controverting facts, is peculiarly within the province of the jury. It is neither practicable nor lawful for the appellant court or the trial court to take away from the jury the authority conferred upon them by law to pass upon the weight and credibility of evidence. The trial court, in reviewing the matter on motion for new trial, may have some discretion to set aside the verdict which he, after hearing the evidence, regards as unjust; but that discretion does not exist in an appellate court, the judges of which have neither seen the witnesses nor heard them testify. The law recognizes, and the courts have often affirmed, that where the evidence is conflicting the jury and the trial judge are in a position much more favorable than the judges of the appellate court to determine whether the verdict reflects the truth. See Johnson v. State, 200 S. W. 833."

We have carefully examined all of appellant's contentions and find no error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—On direct examination the testimony of Carl Miller, the alleged purchaser, was positive that he purchased whisky from Guy Foster, the appellant. On cross-examination he admitted that out of court he had claimed that he got the whisky from another party named Rawley, and did not at that time state that he got it from Guy Foster, but that when he learned that he would be prosecuted for transporting whisky, he told the

truth about the matter, namely, that he bought the whisky from Foster.

In his motion for rehearing the appellant insists that the judgment should not stand because of the conflicting statements of the witness Miller. As the facts are understood, they are quite different from those which control the court in Green's case, 252 S. W. Rep. 499, and the other cases to which the appellant refers. In Green's case, supra, the State relied upon the testimony of a single witness who, on motion for new trial, retracted his statement made upon the trial. The court set aside the judgment because of the retraction under oath. In Railsback's case, 280 S. W. Rep. 777, a like ruling was made, as was done in the following cases: Blair v. State, 56 S. W. Rep. 622; Galaviz v. State, 198 S. W. Rep. 946; and Smith v. State, 217 S. W. Rep. 154, in which the State supported a charge of rape by a single witness who, under oath, made directly conflicting testimony touching the corpus delicti. See Duckworth v. State, 57 S. W. Rep. 665.

The facts in the case in hand are not analogous to those controlling the cases to which reference has been made. In the present instance the contradictory statement relied upon was made out of court and not under oath and was repudiated by the testimony of the witness upon the trial. That the witness had made a statement out of court not under oath contradictory of his testimony upon the trial was admissible as impeaching or discrediting his testimony, but we are aware of no precedent for the contention that the unsworn statement of the witness out of court would, as a matter of law, annul his sworn testimony given upon the trial. The jury was the judge of the truth of the statement given upon the trial.

The motion for rehearing is overruled.

*Overruled.*