HOMER ANDERSON v. THE STATE.

No. 11788. Delivered May 9, 1928.
Rehearing denied October 3, 1928.

The opinion states the case.

*Futch & Cooper* of Henderson, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, ninety-nine years.

Appellant is a negro; the deceased was a white man. The testimony from the State's witnesses shows that appellant at one time worked for deceased and left owing him over a hundred dollars. Thereafter and about two years prior to the homicide, deceased with his brother-in-law, Walter Dunn, caught the appellant in Terrell and took him out in the country and whipped him with a rope. After that time appellant left that vicinity and was not seen by the deceased any more until the day of the homicide. Deceased and his brother-in-law, Dunn, lived a short distance apart on the public road and between them there lived a negro family. On the Sunday morning in question appellant with three other negroes had come from another section of the country and had stopped their car on the public road at the residence of said negro family, who it seems were relatives of one of the negro occupants of the car. While stopped there, deceased with his family and his brother-in-law, Walter Dunn, came down the road on their way to the home of Dunn. Observing appellant, the deceased approached him and asked him if he was going to pay him. The deceased answered that he would some of these days, according to Dunn's testimony. A few more words passed when deceased approached the car appellant was in and put his foot on the running board of the car and his hands on the edge

of the car and told appellant, "You better come and go with me," that about this time a pistol fired, deceased being shot through the edge of the eye by appellant. Dunn testified: "We were not aiming to take this negro anywhere this time, I don't guess." This is the substance of the incriminating facts proven by the State.

Appellant earnestly insists that the judgment of conviction should be reversed because of the excessive penalty inflicted. To the writer the verdict under the above facts, which were uncontradicted, does seem harsh and we are not able to understand how the jury inflicted so severe a penalty where proof by the State's witnesses show extenuating circumstances of the character mentioned above. However, there is testimony in this record that might justify the conclusion of the jury that the killing was upon malice aforethought. Under the recently enacted homicide statute, the penalty to be inflicted is conditioned upon the state of mind of the accused at the time of the killing. This is always a jury question. Claxton v. State, 288 S. W. 444. Proof of the existence of malice aforethought authorized the jury to return a verdict of ninety-nine years in the penitentiary. See Acts of the Fortieth Legislature, p. 412. We cannot reverse a case merely because we would have found differently from the jury. Norwood v. State, 80 Tex. Crim. Rep. 552. Johnson v. State, 83 Tex. Crim. Rep. 61. Under Arts. 657 and 706, C. C. P., the jury have been intrusted with the authority to pass on such matters and we are not at liberty to disturb the verdict unless it is without evidence to support it.

Complaint is made of arguments of counsel for the State, some of which were legitimate deductions from the evidence and in every case the Court instructed the jury not to consider same. We do not regard the arguments set out in the bills of exception as being of that inflammatory character that an instruction would not cure. They appear within the rule announced in Vineyard v. State, 96 Tex. Crim. Rep. 401.

Believing ourselves to be without authority to reverse because of the alleged excessive verdict under the facts of this case and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant strenuously insists in his motion for rehearing that the evidence does not justify the heavy penalty inflicted upon him, and we have again reviewed the testimony. As stated by us, in substance, in our former opinion, it is no justification for reversal, that this court might feel that the facts offered mitigating circumstances. Under our practice the jury are the exclusive judges of the weight of the testimony. There is no question under the facts here but that appellant with a pistol shot and killed deceased who was standing by the side of the car in which appellant was at the time of the shooting. Neither is there any question of the fact that there had been previous trouble between the two in which deceased took part in administering a whipping to appellant. Deceased seems to have been unarmed at the time of the killing. The killing may have been the result of malice, or it may have been the result of an agitated condition of the mind resulting from fear. The settlement of these fact issues was for the jury, and there being testimony in the record upon which the verdict found support, we do not feel at liberty to disturb it.

The motion for rehearing is overruled.

*Overruled.*