BUD LOUT v. THE STATE.

No. 12530. Delivered May 8, 1929.

The opinion states the case.

*J. D. Cottrell, John Doyle* and *L. J. Truett* of McKinney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

State's witness Graves testified that he bought two bottles of beer from appellant paying him therefor twenty-five cents per bottle. He said that after drinking the beer he felt bloated and that there was "a little swimming in the head." We quote part of his testimony literally as follows: "The effect that stuff had on me was that it sort of made me feel a little different to what I did before and it made be a little dizzy in addition to making me feel full." He further testified that he had drunk beer and whiskey before and that in his judgment it would take "somewhere around six bottles of this home brew to make him drunk." While the liquor purchased by the witness is referred to as both beer and home brew, we think the record discloses that it was in fact "home brew." Many witnesses testified that they had drunk home brew at appellant's home and that one could not drink enough of it to become drunk. Appellant, testifying in his own behalf, denied that he had sold the witness or anyone else any home brew. He admitted that he made home brew and testified as follows concerning the ingredients of said liquor:

"I would get a quart of this malt syrup, I don't know what it contains, my wife did the making of it and she would tell me what to get. I would take a quart of malt syrup five gallons of water three pounds of sugar and a yeast cake—I never made any myself but I have set and watched it. I got the sugar and the yeast cake because that is the instructions that I had. I couldn't tell you the purpose of the sugar and the yeast cake. I do not know that it was for the purpose of putting alcohol in it. I do not know that the more sugar you put in the better kick you will get out of it. I put in three pounds of sugar, one pound of malt and five gallons of water and a yeast cake. I have been making it from along up in the spring I think it was, or maybe last fall I don't know."

. Appellant introduced witnesses who testified that the state's witness Graves had told them that one could not drink enough of the home brew made by appellant to make him drunk.

The court charged the jury that "any liquor intended for use as a beverage or capable of being so used, which contains alcohol in such

a proportion that it will produce intoxication when taken in such quantities as may be reasonably drunk by a human being is an intoxicating liquor." Appellant contends that the evidence is insufficient to show beyond a reasonable doubt that the liquor in question was intoxicating. In the first place he calls attention to the fact that the witness Graves had made statements out of court contradictory of his testimony on the trial. In Foster v. State, 12 S. W. (2d) 574, we held that the fact that the only witness for the state had made unsworn statements out of court contradictory of his testimony upon the trial would not annul his sworn testimony given upon the trial and thereby render the evidence insufficient to support the conviction. Hence the fact that the witness had made unsworn statements to the effect that the liquor in question was not intoxicating would not within itself justify this court in holding the evidence insufficient. But appellant says that if the sworn testimony of the witness be alone considered it is insufficient to show beyond a reasonable doubt that the liquor was intoxicating. We are not in accord with appellant's position. The witness testified that the beer had the effect of making him dizzy; that he had drunk both beer and whiskey and that in his opinion six bottles of liquor of the character he had purchased from appellant would make him drunk. While expressing no opinion as to the value of appellant's testimony touching the manner in which the liquor was made in determining whether or not it was intoxicating, we note that the liquor in question was infused with malt and prepared by fermentation for use as a beverage. However, we do not predicate our holding that the evidence is sufficient on a finding that the liquor in question was shown to be beer, and express no opinion as to whether this court would be authorized to conclude from appellant's testimony that the liquor was beer. Measured by the charge of the court defining intoxicating liquor we are of the opinion that the testimony of the state's witness Graves was sufficient to authorize the jury to conclude that he purchased intoxicating liquor from appellant.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.