Ed. Crips v. The State.

No. 12606. Delivered May 29, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

*John D. Reese* of McKenney, for appellant.

*J. E. Abernathy,* County Attorney, *W. C. Dowdy,* Assistant County Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

There is some complaint of the fact that the date of the alleged sale as proven was different from that laid in the indictment, but there being no question but that if the sale was proven on the prior date, it was within the period of limitation, the matter is of no materiality.

The chief contention here is that the main State witness was not worthy of belief. We have carefully considered his testimony and

that of the defense attacking it. There is no question but that the witness affirmed upon this trial, as he had upon previous occasions, that he bought the whisky from the appellant at a time well within the period of limitation. There seems to have been some confusion in the dates as fixed by the witness, and his reasons for this confusion are in the record. Under our statute where there is positive evidence of guilt and the only question is one of credibility of the State witness, this court is very loath to override the statute or take away from the jury right given them by law to pass on the credibility of witnesses and the weight of their testimony. We are not willing in this case to hold that the jury who tried the case and the trial court who heard and saw the witnesses, both exceeded their discretion and authority in accepting the testimony of the State witness. Foster v. State, 12 S. W. (2d) 574; Jacobs v. State, 208 S. W. Rep. 917.

Not being in accord with the contentions of appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The entire evidence was considered by the court upon the original hearing. In assuming the contrary in his motion for rehearing the appellant is mistaken. It was upon the testimony of Jake Dudley that the State relied for a conviction. He appears to have been unlettered and a person of somewhat unstable disposition. Throughout his testimony upon the trial he affirmed and reiterated his declaration that he had purchased whisky from the appellant in the fall of the year 1926. The impeaching testimony consisted of an affidavit which the witness swore to before the attorney for the appellant who was also a notary public and some declarations made by the witness to other persons under similar circumstances to those under which his affidavit was taken. Explaining the affidavit which contains a statement to the effect that he had never bought intoxicating liquor from the appellant, the witness said: "The statement is not correct. I was mistaken in the date." If the testimony of the witness Dudley was believed by the jury, it was sufficient to support the conviction. He endeavored to explain the confusion into which he had gotten through the various interviews he had had with the appellant, his friends and his counsel. The weight of the testimony and its credibility were for the jury under the circumstances. With the evidence be-

fore them, we are not prepared to say that the jury was not authorized to accept the testimony as true. The cases in point are Jacobs v. State, 208 S. W. Rep. 917; Johnson v. State, 200 S. W. Rep. 833, and others cited in the original opinion.

The motion is overruled.

*Overruled.*