Cunningham & Lipscomb, of Bonham, for appellant.

T. M. Broadfoot and Couch & Couch, all of Bonham, for appellees.

JOHNSON, Chief Justice.

Appellees, Mrs. Bettie E. Byrd, joined by her husband, Arthur R. Byrd, plaintiffs, sued appellant, Illinois Bankers' Life Assurance Company, defendant, in the county court of Fannin county, seeking to recover for alleged total and permanent disability suffered by Mrs. Byrd as the result of an accident, which plaintiffs claim to have been insured against under the terms of a policy of insurance issued to Mrs. Bettie E. Byrd by the Illinois Bankers' Life Association and alleged to have been assumed by defendant company. The pertinent terms of the policy provide:

"Should the insured, while this policy is in full force and effect, become totally and permanently disabled by accident and because thereof be wholly and permanently incapacitated for doing any labor or business, * * * he shall be entitled, if he elects, by making application on blanks furnished by the Association, in lieu of all benefits payable under this policy * * * to a sum equal to one-half its face value in full settlement. * * *"

A trial was had to a jury. On findings of the jury favorable to plaintiffs, judgment was entered in favor of plaintiffs and against defendant for the sum of $635, and from which defendant has perfected its appeal.

Under appropriate assignments of error the appellant contends that the court erred

## ILLINOIS BANKERS' LIFE ASSUR. CO. v. BYRD et al.
### No. 4574.

Court of Civil Appeals of Texas. Texarkana.

Feb. 1, 1934.

in refusing to submit to the jury its requested special issue No. 2, as follows:

"Is the plaintiff wholly and permanently incapacitated from doing any labor or business?"

In respect to this matter the court in its main charge, and in connection with appropriate definitions of the terms used, submitted the following special issues:

"Question No. 5: Is the plaintiff, Bettie E. Byrd, totally disabled by reason of her said alleged injury?" (Jury answered "Yes.")

"Question No. 6: Is the plaintiff, Bettie E. Byrd, permanently disabled by reason of her said alleged injury?" (Jury answered "Yes.")

It is thought that the questions submitted by the learned trial judge, together with his definitions of the terms "total disability" and "permanent disability," properly submitted the issues raised with respect to extent as well as the probable duration of the disability complained of. Further, it is thought that the issue in the form as requested by appellant is, in the circumstance, subject to the objection of being duplicitous. Texas Employers' Ins. Ass'n v. White (Tex. Civ. App.) 32 S.W.(2d) 955.

■ It is further contended by appellant that the evidence is insufficient to support a judgment for plaintiffs, and that the court erred in refusing defendant's requested special issue instructing the jury to return a verdict for the defendant, for the reason that Mrs. Bettie E. Byrd testified that she could do some of her household work, such as to peel potatoes, darn her husband's socks, and such other work as she could do sitting down. In this respect she further testified, in substance, that her occupation was that of a housewife, that she was not qualified to do any other character of work, except that she had worked on the farm; that she could not do any substantial part of her housework; and that if she tried to be on her feet to amount to anything, it caused her to have restless nights. Her attending physician, Dr. J. C. Magness, in substance testified that the disability suffered by Mrs. Byrd was the re-

sult of injuries to her knee, commonly called a fracture, the complications of which he detailed and from which he did not think there was any chance for her to get relief; that her condition seemed to be growing worse all the time; and that she was more helpless now than a year ago. The accident occurred in May, 1931. It was the opinion of Dr. J. C. Joiner, the consulting physician, who examined Mrs. Byrd on August 29, 1932, as appears from his testimony in the case, with respect to whether or not it was wise or prudent for her to do the work that she said she did, or the housework that she does do, that he had advised her at that time not to work. "I told her she ought to stay off that limb if she wanted to get well. It was her only chance to get well." And in his sworn report to the defendant company, which was introduced by plaintiffs, Dr. Joiner further states: "This fall left her with a crippled limb that causes her to have extreme nervous spells and sciatica. Improvement not at all likely as conditions are very unfavorable." That it was his professional opinion that she was totally disabled and will continue to be wholly and permanently unable to engage in any gainful occupation or perform any work for money compensation.

That the assured, Mrs. Bettie E. Byrd, could and in fact did perform some of the duties pertaining to her occupation as a housewife did not establish as a matter of law that she was not "totally disabled" within the meaning of those words as used in the policy, and only presented a matter to be determined by the jury from the evidence of the whole case, for reasons stated by Judge Willson in Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806; and by Judge Sharp in Winters Mutual Aid Ass'n v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095; 6 Cooley's Briefs on Insurance (2d Ed.) 5536.

We have examined appellant's other assignments of error but are not of the opinion that any of them present error.

The judgment of the trial court is affirmed.