MRS. JENNIE PRUSINER, Appellant, v. MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellee.

No. 43256.

MARCH 17, 1936.

Stewart & Oransky, for appellant.

Comfort & Comfort and James P. Irish, for appellee.

ANDERSON, J.—This is an action to recover upon an accident insurance policy for three months disability at the rate of $25 per week. The contract of insurance with this plaintiff is contained in a "rider" or "special beneficiary supplement" attached to and forming a part of a policy of insurance issued to the husband of this plaintiff. It is conceded that the policies were in full force and effect at the time plaintiff claims to have received a disabling injury. The supplementary contract involved here provides a weekly indemnity of $25 for not to exceed a three-month period, against the effects of bodily injuries sustained "directly and independently of all other causes through external, violent and accidental means", and the paragraph contained in the policy over which this controversy arises is as follows:

"If such injuries so received shall from the date of the accident continuously and totally disable and prevent the said beneficiary from transacting any and every duty pertaining to any and every business and occupation, the company will pay for the period of such total disability, not exceeding three months, the Weekly Accident Indemnity specified above."

Plaintiff claims to have received an injury through external, violent, and accidental means on the 19th day of December,

1934, and that such injury continuously and totally disabled her from the date of the injury to the date of the trial of this case, or in excess of the three-month limitation provided in the contract.

The defendant in its answer admitted the execution of the contracts of insurance, and that they were in full force and effect during the times material to this controversy. The defendant as a further defense alleged in its answer that if an accident did occur to the plaintiff as alleged, the resulting illness therefrom occurred and was suffered outside of the United States, Canada, or Europe, and that the defendant is not liable on the contract of insurance on account thereof. The defendant further pleaded that the disability of plaintiff, if any, was unduly extended by the failure of the plaintiff to obtain proper medical attention promptly after the occurrence of the accident and injury.

Testimony was introduced on the part of the plaintiff only, and at the close of plaintiff's testimony the court sustained a motion of the defendant to direct a verdict for the defendant. From such ruling and order plaintiff appeals.

The facts as disclosed by the plaintiff's evidence are substantially as follows: Mrs. Jennie Prusiner, the appellant, is a resident of Des Moines, Iowa, and the wife of Benjamin W. Prusiner. She is the mother of three children, all matured. On December 19, 1934, the appellant in company with her husband, her brother-in-law, and his wife were taking a boat trip from New Orleans to Havana and Colon. When getting on the boat at New Orleans about noon on the day mentioned, as Mrs. Prusiner was going into her stateroom she tripped on a rod or projection of some kind which protruded underneath the berth and fell, injuring her right leg. Mrs. Prusiner was about fifty-four years old and a heavy woman. She was picked up by her husband and a couple of employees on the boat and placed in her berth. Her limb was bruised quite seriously and her husband applied mercurochrome and hot applications. The injury became swollen and discolored; was very red, inflamed, and blue; and the appellant suffered a great deal of pain therefrom from the time of the injury to the time of the trial. Mrs. Prusiner remained in her berth on the trip to Havana and while the boat was at Havana, and did not attempt to leave her berth until the boat arrived at Colon, some

two or three days after the injury. She was taken from the boat at Colon and made a short trip on bus or train to the interior but did not participate in any of the activities of the party. She had to sit around and keep her leg elevated. The appellant and her party made the return trip to New Orleans and she was taken to her sister's at Memphis, Tennessee, where she remained about ten days, and then returned to her home in Des Moines about the middle of January. Within a day or two after she arrived home, a doctor examined her leg and was told the history of the accident. He prescribed cold applications and instructed that appellant keep her weight off her leg. Plaintiff testified that she followed the treatment. The testimony also shows that after she arrived home she tried to pursue her duties as a housewife, but she could not do so on account of the pain incident to bearing her weight on the injured limb. Before the injury, while she always kept a maid in the house, she assisted in the usual household duties. After the injury every time she attempted to perform any household duties she suffered severe pains and was compelled to remain quiet. In a couple of weeks after she returned home she was taken to a hospital for gall-bladder trouble and remained there a couple of weeks, but the testimony of the doctors is definite that her gall-bladder trouble had nothing to do with the condition of her leg injury, and the two doctors who treated her both testified that she could not perform her ordinary duties as a housewife due to the injury to her limb, and that this was true irrespective of her gall-bladder trouble; that under proper treatment for her leg she should have been in bed during all of the time following the accident. The doctors instructed her not to climb any stairs and not to be on her leg for any length of time.

On February 8, 1935, following the accident, a preliminary accident report was filed with the company. This was signed by Dr. E. H. McCaffrey, who was one of her attending physicians. In this report the doctor stated that the injury from which appellant was suffering prevented her from performing any and all duties pertaining to her occupation. Attached to this preliminary medical report was a notice of the accident upon a blank furnished by the company, in which report was made of the date and place of the accident and of the resulting injury and disability.

Such was the condition of the record at the close of plaintiff's testimony, and the defendant then moved the court for a directed verdict based upon the following grounds:

"1. That the plaintiff has wholly and totally failed to show that the alleged disability was the result, independently of all other causes, of injury by violent, external and accidental means.

"2. That the plaintiff has failed to show that the resulting disability, if any, was the proximate result of the injury alleged to have been sustained on or about December 19, 1934.

"3. That the plaintiff has failed to show that the said injury from the date of the accident did continuously and totally disable and prevent the said plaintiff from transacting any and every duty pertaining to any and every business and occupation.

"4. The plaintiff has failed to show that said injury, if any, was the result of external, violent and accidental means.

"5. That if the jury were to return a verdict in this cause for the plaintiff, the court would be required, under the laws in view of the evidence here introduced, to set the same aside.

"6. That the plaintiff has failed to show the filing of a proof of loss covering said injury in the manner and form as provided by the statutes of the state of Iowa, and the terms of the policy."

At this time it was stipulated that liability under the policy was denied by the defendant in connection with the facts prior to the commencement of the suit.

As we have indicated, the above-quoted motion for a directed verdict was sustained by the court.

The error alleged by appellant is on the court's ruling in directing a verdict. The appellee contends in its argument that if any one of the grounds of the defendant's motion, which was sustained generally, was well taken, that the ruling of the trial court must be sustained. Of course, there is no question about this proposition of law and it is unnecessary to cite authority in support of such rule.

The only ground of the motion which the appellee argues is ground 3, which is as follows:

"That the plaintiff has failed to show that the said injury

from the date of the accident did continuously and totally disable and prevent the said plaintiff from transacting any and every duty pertaining to any and every business and occupation.''

In placing an interpretation upon an insurance contract it is well settled that, if its terms are ambiguous, that construction will be given it which is most favorable to the insured. We have repeatedly announced this rule. Walters v. Health & Accident Association, 208 Iowa 894, 224 N. W. 494; Kurth v. Insurance Company, 211 Iowa 736, 234 N. W. 201; Garden v. Insurance Company, 218 Iowa 1094, 254 N. W. 287.

In the Walters case, supra, we held that the rule announced did not warrant an arbitrary judicial construction, but that the language used must be taken in its ordinary and usual sense, and must be given such interpretation as was probably within the contemplation of the parties when the policy was issued. The question in the Walters case was as to whether or not the disabling illness followed ''immediately'' from the date of the accident, and the many cases quoted by Mr. Justice Grimm in the opinion all go to the question as to whether the disability occurred ''immediately'' or ''on the date of the accident''. In the Walters case the accident of which complaint was made occurred during the last week of December, 1926, and the injured man worked regularly and continuously from that time to January 14, 1927, and of course under that state of facts it could not be said that the disability occurred ''immediately'' or ''from the date of the accident''. Similar situations are disclosed in the facts in other cases cited by the appellee.

The appellee insists that regardless of the interpretation that may be placed upon the policy, or the evidence concerning the totality of the disability, the ''appellant has failed to sustain the burden of bringing that disability within the insuring clause of the policy sued upon. Her own testimony not only fails to meet this burden, but shows affirmatively that the disability did not exist 'from the date of the accident'.'' The facts as disclosed by the record wholly fail to support this contention of the appellee. The testimony shows without any controversy that immediately upon the happening of the accident the injury of plaintiff was self-evident. She was picked up

from the place where she had fallen and placed in her berth and there remained for at least a three-day period. Her own testimony, that of her husband, and of the two physicians who attended her when she arrived home, discloses that she was disabled totally ''from the date of the accident'', and that she continued to be thus disabled for some length of time.

It is the settled rule of this court that in interpreting similar clauses in contracts of insurance the language must be given a reasonable construction rather than a literal construction in determining the meaning of disability or total disability as contained in these various contracts of insurance. Elmore v. Surety Company, 207 Iowa 872, 224 N. W. 32; Garden v. Insurance Co., 218 Iowa 1094, 254 N. W. 287. This rule has also been adopted by a majority of our sister states. See Great Northern Casualty Company v. McCollough, 96 Ind. App. 506, 174 N. E. 103, 106, and many cases therein cited, including decisions from Vermont, Michigan, Maine, New Jersey, California, Oregon, Mississippi, Texas, and others.

In the McCollough case supra, the Supreme Court of Indiana approved an instruction interpreting the provision contained in an insurance policy ''wholly and continuously disables and prevents the insured from performing any and every duty pertaining to any business or occupation.'' The approved instruction was in the following language:

''The meaning of the words 'wholly and continuously disables and prevents the insured from performing each and every duty pertaining to any business or occupation' is not that plaintiff must have been disabled so as to prevent her from doing anything whatsoever pertaining to any duty of any business or occupation, but that she must be disabled to the extent that she could not do any and every duty pertaining to any business or occupation. She might be able to do a part and not be able to do all, and because she was not able to do all be deemed to be wholly disabled from doing any and every kind, provided, of course, that she was so disabled as to be prevented from doing substantially all the necessary and material things in any occupation requiring her own exertions in substantially her customary and usual manner of so doing. She might be able to do personally minor and trivial things, not requiring much time or physical labor, and through others, acting under

her direction, to do heavier things requiring physical exertion, which in the ordinary and proper performance of her duties in any occupation which she had or might theretofore have done personally and yet, because of inability to do heavier things and more material things personally, be said to be wholly disabled within the terms of her policy; provided further, that the things she was unable personally to do would constitute substantially all of the duties of the employment, if any, in which she was engaged at the time of her injury or any occupation into which she might have entered.''

The foregoing involves the liberal rule of construction adopted by this court and a majority of our sister courts as is shown by the following excerpts.

As was said in American Liability Co. v. Bowman, 65 Ind. App. 109, 114 N. E. 992, 995:

''The rule prevails in this and most jurisdictions that provisions in a policy for total disability, irrespective of the technical variations in the language employed, should be given a rational and practical construction; that the phrase 'total disability' is a relative term, depending in a measure upon the nature of the employment, the capabilities of the injured person, and likewise the circumstances and peculiar facts of each particular case. It is usually a question of fact to be determined by the court or jury trying the case, and was such question in the case at bar.''

May on Insurance (4th Ed.) p. 552, says that ''wholly disabled'' is equivalent to ''quite disabled'', and that though the insured ''may do certain parts of his accustomed work, and engage in some of his usual employments, he may yet recover, so long as he cannot, to some extent, do all parts, and engage in all such employments.''

In Clarke v. Travelers Ins. Co., 94 Vt. 383, 111 A. 449, 450, the insured was indemnified against loss if the injury ''shall * * * wholly, and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation.'' It was there held that ''total disability'' did not mean absolute physical inability to transact any kind of business pertaining to the insured's occupation, but disability from performing the substantial and material acts connected with such occupation.

In Hohn v. Inter-State Cas. Co., 115 Mich. 79, 72 N. W. 1105, 1106, the injuries insured against were such as should "immediately, continuously, and wholly disable and prevent him [the insured] from performing any and every kind of duty pertaining to his occupation." It was there held that the insured was not prevented from recovery as for a total disability because he went to his place of business for several days after the accident, when he was practically unable to perform any work because of his injuries, and after a few days was forced to remain at home several weeks.

In Young v. Insurance Co., 80 Me. 244, 13 A. 896, 897, the court, in construing a contract of insurance similar to the one involved in the instant case, said:

"The object to be accomplished by this contract was indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy. He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution. If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was able to do and perform one only, he was as effectually disabled from performing his business as if he could do nothing required to be done, and while remaining in that condition he would suffer loss of time in the business of his occupation."

There is no material difference between the provision now under consideration and involved in the instant case and the provisions of the contract involved in Commercial Travelers etc., Assn. v. Springsteen, 23 Ind. App. 657, 55 N. E. 973, and Young v. Insurance Co., supra. See, also, Gross v. Commercial Cas. Ins. Co., 90 N. J. Law 594, 101 A. 169; Fitzgerald v. Globe Indemnity Co., 84 Cal. App. 689, 258 N. W. 458; Fagerlie v. New York Life Ins. Co., 129 Or. 485, 278 P. 104; Turner v. Fidelity & Cas. Co., 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. Rep. 428.

In Illinois Bankers Life Assurance Company v. Byrd, 69 S. W. (2d) 517, 518, a housewife had received an injury to her limb similar to the injury suffered by plaintiff in the instant case, and in that case the Court of Civil Appeals of Texas said:

"That the assured, Mrs. Bettie E. Byrd, could and in fact

did perform some of the duties pertaining to her occupation as a housewife did not establish as a matter of law that she was not 'totally disabled' within the meaning of those words as used in the policy, and only presented a matter to be determined by the jury from the evidence of the whole case.''

It is uncontradicted that appellant suffered an injury as the result of an accident. Cases of this kind must be determined upon the facts of each particular case. Here the appellant was a very heavy woman, fifty-four years of age, and the mother of three adult children. Her occupation as testified to by her was that of housewife, and this is the occupation given by her in her application for the policy of insurance here involved. There can be no question that the plaintiff suffered an accident and a resulting injury and disability immediately and ''on the date of the accident''. As to the period of that disability we refrain from expressing an opinion or suggestion in view of the fact that a retrial of the fact issues must be had.

We are constrained to hold that the trial court erred in sustaining defendant's motion for a directed verdict. A reversal necessarily follows.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, RICHARDS, HAMILTON, PARSONS, and STIGER, JJ., concur.