IN RE ESTATE OF JENNIE BAKER.

MERCHANTS NATIONAL BANK, Executor, Appellant, v. EPWORTH SEMINARY, Claimant, Appellee.

No. 44602.

APRIL 4, 1939.

Wm. E. Treichler, for appellant.

Donnelly, Lynch, Anderson & Lynch and Arthur Edwards, for appellee.

HAMILTON, J.—  At the outset, we are met with a motion to dismiss this appeal because Rule No. 30 was not complied with. We see no justifiable reason or excuse warranting the court in avoiding this proposition. We favor a disposition of causes on the merits, but, when the matter is brought squarely before us on a motion to dismiss and there is a plain case of failure to comply with the rules, of the character here involved, it becomes our duty to meet and decide the issue. This is a law case requiring assignments of error on appeal.

The matter involved arises out of the following situation: Jennie Baker, in her lifetime, executed two notes of $5,000 each payable to Epworth Seminary; one due and payable May 1, 1927, and the other at her death. She died February 5, 1927. Her will was admitted to probate and two claims on said notes were filed; on each of them the executor indorsed a waiver of

notice and consent to the allowance of the same, which claims were, on September 30, 1927, duly allowed by the clerk of the district court. Three successive interlocutory or progressive reports were subsequently filed, listing, among the claims against the estate, the above two claims. The third report showed part payment of $3,500 on one note and an interest payment of $500 and contained a statement ''that there still remains unpaid a part of the Epworth Seminary claim in amount of $6,500 and accumulated interest, the same awaiting the accumulating of sufficient rentals or proceeds of sale of real estate.'' This third report was duly approved by order of court as were, also, the other two. The orders approving these reports have never been vacated or set aside. Thereafter, the first executor was replaced by the present executor, who, on March 21, 1938, filed an application or motion to set aside the order of allowance by the clerk of said claims. This application was attacked by appellee by motion to strike on six separate grounds. Then appellant filed affidavits supporting his motion or application to set aside order of allowance. Appellee responded with another motion to strike the affidavits on eight separate grounds. These motions to strike were sustained generally. This is the order from which an appeal was taken.

This brings us to a consideration of division I of appellant's brief containing his first assignment of error in the following language:

''The Court erred in sustaining motions to strike (Appellant's Abs. page 11, line 12, and Abs. page 12, line 30) for the reason that the Supreme Court has held in construing the statute as now embodied in Section 12049, Code of Iowa, 1935, that the order of approval of a claim, when made by the Clerk, or by the Court itself without a hearing, is not an adjudication of the claim, and that mistakes by an executor in settlement may be corrected in the Probate Court at any time before final settlement and discharge.''

Following this is a list of authorities and this is followed by argument. It will be noticed that the only point made is that the approval of a claim by the clerk or by the court without a hearing is not an adjudication and that mistakes by an executor in settlement may be corrected in the probate court at

any time before final settlement and discharge. And this is the only question argued.

One of the principal grounds of the motion to strike was that the application and affidavits contained no statement of facts as distinguished from mere conclusions. The court might well have disposed of this matter on this ground and for aught that appears in the record may have based his ruling on this ground. There were still other separate grounds contained in the motions to strike. None of these are embraced in the aforesaid assignment of error. Now, it is the rule of law that, if the motions were good upon any of their grounds, the ruling is correct. Hence, we are precluded from reversing this case for all the grounds of the motion are not assailed by this appeal. Lotz v. United Food Markets, 225 Iowa 1397, 283 N. W. 99, 102; and Prusiner v. Mass. Bond & Insurance Co., 221 Iowa 572, 265 N. W. 919.

Assignments of error, under divisions II and III, are not argued. Appellant simply states his proposition and cites one case without further comment. This is a plain violation of the rules of this court.

The motion to dismiss the appeal must be and is sustained and the appeal dismissed.—Appeal dismissed.

OLIVER, BLISS, HALE, MILLER, and STIGER, JJ., concur.