### WALTER BROWN v. THE STATE.

No. 2515. Decided October 15, 1913.

Rehearing denied November 12, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Continuance.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court correctly overruled the application for continuance, in the light of the testimony adduced upon the trial, there was no reversible error.

**2.—Same—Evidence—Other Sales—Other Transactions.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting testimony as to other sales of intoxicating liquors than to the persons named in the indictment, and also the books of the express company showing the quantity of liquor received by defendant prior to the return of the indictment.

### 3.—Same—Evidence—Animus of Witness.

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in showing the animus and relationship of the witness in the case; besides, part of the testimony was brought out by defendant.

### 4.—Same—Docket—Calling Cases—Discretion of Court.

It was in the discretion of the trial court to recess the court pending the preparation of a motion for continuance, or to call the next case on the docket, which was defendant's case.

### 5.—Same—Evidence—Bias of Witness.

It is always permissible to show the bias of any witness, and there was no error in permitting the State to show that defendant's witness had approached a State's witness and told him if he testified against defendant, he would get hell beat out of him.

### 6.—Same—Name of Defendant—Examined Copy Internal Revenue License.

Where the evidence showed that defendant's name is James Walter Brown, there was no error in admitting an examined copy of entries in the books of the internal revenue collector that license as a retail liquor dealer had been issued to James Brown, etc.

### 7.—Same—Evidence—Pursuing Occupation.

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting testimony that drunken people were frequently seen in defendant's place of business, etc., to show his occupation.

### 8.—Same—Alibi—Charge of Court.

Where the evidence did not raise the issue of alibi and no charge was requested thereon, and the court charged on presumption of innocence, etc., there was no error.

### 9.—Same—Impeachment—Charge of Court.

There was no error in refusing a requested charge that if the testimony of a certain State's witness had been impeached on a material issue, to acquit defendant.

### 10.—Same—Charge of Court—Occupation.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court charged the jury that the State must prove that the defendant both pursued the occupation of selling intoxicating liquors and made at least two sales to persons named in the indictment, together with reasonable doubt, etc., there was no error.

### 11.—Same—Charge as a Whole.

The charge of the court must be considered as a whole, and where the same was applicable to the evidence and properly presented the law of the case, there was no error.

Appeal from the District Court of Upshur.    Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *Warren & Briggs,* for appellant.—On question of the court's charge on occupation: Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262; Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245; Oliver v. State, 152 S. W. Rep., 1066; Bird v. State, 157 S. W. Rep., 479; Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep, 264.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the penitentiary.

The court did not err in overruling the application for a continuance, in the light of the testimony adduced on the trial. Appellant and his wife, on the trial, testified that he was at home on the morning he is alleged to have made a sale to Dr. Hudson, and they exclude the idea that he could have been with the absent witnesses Venn, Smith, Bill and Tom Hammonds, and it has always been held that where the testimony of the appellant on the trial would exclude the idea that the absent witnesses would testify as alleged in the motion for a continuance, no error is presented. Puckett did not testify as to any sale on his trial, consequently the testimony of Goolsby and Dodson would not have been admissible had they been present. Such portions of the testimony of the witnesses named as would tend to impeach the prosecuting witness Dr. Hudson would furnish no grounds for a continuance.

There was no error in permitting witnesses to testify as to other sales of intoxicating liquor than to the persons named in the indictment. Appellant was being prosecuted for pursuing the occupation or business of selling intoxicating liquors, and each separate and distinct sale would be some evidence that he was pursuing that business. Of course, the State had to prove two sales to persons named in the indictment, but it was also incumbent on the State to prove that he was pursuing that business, and all legitimate evidence tending to show that fact would be admissible, and for this reason the court did not err in admitting in evidence the books of the express companies showing the quantity of liquor received by appellant prior to the return of the indictment and during the time appellant was alleged to have been engaged in pursuing that business.

Appellant in cross-examining the witness Edgar Petty proved that he was related to the Hudsons, and asked him if he was not testifying as he did to help Dr. Hudson out of trouble, and developed the fact by the witness that "he had been brought before the grand jury and forced to tell about buying this whisky." As this testimony about the witness being "forced to tell about buying the whisky" was elicited by appellant, and the other questions propounded to witness by the appellant being to show his relationship to the prosecuting witness, and that he was

testifying as he did for this reason, there was no error in permitting the State to elicit that he had not voluntarily appeared before the grand jury, and did not voluntarily give testimony before that body.

Bill of exception No. 10 presents no error. When the cause preceding this one on the docket had been called, and counsel for defendant in that one requested and was granted time to prepare a motion for continuance, it was in the discretion of the court whether or not he would recess the court until the motion was prepared, or call the next case on the docket, and as he elected to call the next case, which was the one against appellant, he committed no error.

It is always permissible to show the interest or bias of any witness in a case, and when the defendant placed Dave Amoss on the stand, who testified to circumstances material to his defensive theory, it was permissible for the State to show that this witness had approached a State's witness and told him "if he testified against appellant he would get the h—l beat out of him."

The evidence shows that appellant is named James Walter Brown, and it was permissible to show by an examined copy of entries in the books of the internal revenue collector, that license as a retail liquor dealer had been issued to James Brown· to sell such liquors at Gilmer, Texas. Appellant was engaged in business at Gilmer, Texas, and there is no evidence to show there was any other James Brown in Gilmer than appellant. Examined copies of records are always admissible in evidence.

We also think, on the issue of whether or not appellant was pursuing the business of selling intoxicating liquors, it was permissible to show that drunken people were frequently seen in his place of business. This would be a circumstance to be taken into consideration with other facts and circumstances in evidence in determining whether or not appellant was pursuing the business of selling intoxicating liquor.

On the question of whether one was pursuing the occupation, evidence that he had made a sale of liquor would not in and of itself prove that fact, but evidence of other sales, that he received large quantities of whisky, that drunken people were frequently seen in his place of business, and loitered about there, would be cogent circumstances in determining that issue. It may be that little weight should be given that circumstance alone, and if it was the only proof it would be insufficient to prove that issue, yet this would go to its weight and not to its admissibility.

While the evidence offered in appellant's behalf would tend to show that appellant was at home and not at his place of business, on the morning Dr. Hudson says he made the sales of liquor to him, yet on a prosecution for pursuing the occupation or business this would not call for a charge on alibi. At any event, no charge on alibi was requested and under all of our decisions it has been held that a charge on presumption of innocence, properly worded, is sufficient in the absence of a requested charge.

Appellant requested the court to charge the jury: "At the request

of the defendant I charge you that if you find from the evidence that the testimony of the witness G. W. Hudson has been impeached on a material issue in the case, and you will not consider his testimony in the case for any purpose." This is not the law, and the court did not err in refusing it.

The court charged the jury: "In order to constitute a violation of this statute, it must appear that the defendant engaged in or pursued the occupation or business of selling intoxicating liquors in Upshur County, Texas; and it must be shown that he, in said county and State, did, during the month of September, 1912, make at least two sales of intoxicating liquors to G. W. Hudson.

"If you should find that the defendant did not make at least two sales of intoxicating liquor to G. W. Hudson in the month of September, 1912, or if you have a reasonable doubt thereof, you will acquit.

"If you shall find that the defendant made two sales of intoxicating liquor to G. W. Hudson, but if you find that he, the defendant, during none of the year 1912, engaged in or pursued the business or occupation of selling intoxicating liquor in Upshur County, Texas, or if you have a reasonable doubt thereof, you will acquit."

These charges correctly present the law, and they are not subject to the criticism contained in appellant's motion for a new trial. The State must prove that the person on trial both pursued the occupation and made at least two sales to persons named in the indictment, and these charges do not shift the burden of proof to defendant. The court in affirmatively submitting the case instructed the jury "they must believe beyond a reasonable doubt" that defendant did both of these things, and it was not necessary to include these words in these paragraphs of the charge. The court also gave the usual and customary charge on presumption of innocence and reasonable doubt. Occupation was defined in language frequently approved by this court, and there was no error in that paragraph of the charge.

To take the isolated paragraphs or sentences in a paragraph and complain of them is not treating the court hardly fair. The charge must be considered as a whole, and the court's charge in this case is a full, fair and correct presentation as applicable to the evidence adduced.

The evidence supports the verdict, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 12, 1913.—Reporter.]