of the trial court. 4 Tex.Juris., Sec. 306, p. 440; Bailey v. State, 149 Tex.Cr.R. 429, 195 S.W.2d 361.

The record in the instant case shows a lack of diligence on the part of the appellant to file the statement of facts within the time allowed by law.

In the absence of a statement of facts which may be considered nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the court.

Ernest Lee McCOMBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 29382.

Court of Criminal Appeals of Texas.

Dec. 18, 1957.

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., A. D. Bowie, Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $150.

The record reflects that the appellant's motion for new trial was overruled on April 20, 1957, during the March term of the trial court and notice of appeal was given on that date.

The record further reflects that the appellant is at large on an appeal bond approved and filed during the term of court at which notice of appeal was given.

An appeal bond entered into during the term of court at which notice of appeal is given does not comply with the statute, Art. 830, Vernon's Ann.C.C.P., and does not confer jurisdiction upon this court to enter any order other than to dismiss the appeal. Fowler v. State, 154 Tex.Cr.R. 450, 228 S.W.2d 512; Banti v. State, Tex. Cr.App., 289 S.W.2d 244 and Nesbit v. State, Tex.Cr.App., 306 S.W.2d 901.

The appeal is dismissed.

Opinion approved by the Court.