J. V. RATLIFF V. STATE

No. 29,321. December 18, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 12, 1958.

*Billy Hall*, Littlefield, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated; the punishment, a fine of $50 and three days in jail.

It is not often that the facts touching appellant's guilt are so completely and thoroughly at issue as is here true.

About 10:30 o'clock at night, two highway patrolmen stopped the appellant when attracted by the manner in which he was driving his truck across the center stripe of and weaving on the highway. They each testified that appellant was highly intoxicated at the time, which opinion was based—among other things—upon the smell of liquor on his breath and his staggering and reeling while walking. The jailer to whom appellant was delivered after arrest expressed the same opinion.

According to the state's testimony, appellant was staggering drunk.

Appellant's wife, who was in the truck at the time testified that appellant was not intoxicated; that she had been with him all day and knew that he had not drunk any intoxicating liquor; that earlier in the night they had gone to the home of Bullard for a visit and were returning home from that visit when arrested.

The appellant denied that he was intoxicated and that he had taken intoxicants at any time that day. His testimony followed that of his wife.

Members of the Bullard family testified that appellant was not intoxicated when he left their house.

The jury accepted the testimony of the state's witnesses and assessed the minimum punishment for such offense.

Appellant insists that certain argument of state's counsel presents reversible error. The argument complained of violated no mandatory statute and it was claimed to be objectionable only as being prejudicial and inflammatory.

If the jury believed the state's witnesses, as they said they did, and assessed only the minimum punishment, we cannot agree

that what was said by state's counsel was prejudicial to appellant's rights before the jury. The punishment assessed under the facts does not reflect prejudice by the jury.

In cross-examination, the state asked the wife of appellant if she did not tell the patrolman at the time of the arrest that she knew her husband was too drunk to drive and that she could not do anything about it. The witness denied that she so stated to the patrolmen. Appellant did not urge an objection to that testimony.

When the state came on to prove by one of the patrolmen that the wife of appellant did make such statement, appellant registered an objection.

We are unable to ascertain from the record the grounds of objection. Suffice it to say that the testimony was admissible as impeaching the witness and contradictory of her testimony given upon direct examination, wherein she testified that appellant was not intoxicated.

Other questions presented have been examined and are overruled without discussion.

The judgment is affirmed.