PAUL RAY DEMING, *alias* PAUL DEMMING V. STATE.

No. 30,388. February 25, 1959.
Motion to Reinstate Appeal Overruled April 1, 1959.

*Iola Barron,* Bryan, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for burglary; the punishment, five years.

The record on appeal reflects that appellant gave notice of appeal on November 13, 1958 during the term of court at which he had been convicted.

The record further reflects that the appellant is at large on an appeal bond approved and filed during the term of court at which notice of appeal was given.

An appeal bond entered into during the term of court at which notice of appeal is given does not comply with the statute, Art. 830, Vernon's Ann. C.C.P., and does not confer jurisdiction upon this court to enter any order other than to dismiss the appeal. McCombs v. State, 165 Texas Cr. Rep. 401, 307 S.W. 2d 954.

The appeal is dismissed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

Supplemental transcript has been filed which, as we understand it, certifies that appellant entered into recognizance, with Tom G. Smith and Sam Sausley as sureties, because there was entered in the minutes the appeal bond filed on November 15, 1958, bearing the certification of the sheriff of Dallas County that the sureties whose names are signed thereto were solvent.

The certification by the clerk that such instrument was a recognizance is not deemed a sufficient substitute for showing that the sureties appeared in open court and bound themselves for the defendant's appearance, as required by Arts. 816 and 817 C.C.P. "Recognizance" is defined in Art. 268 C.C.P.

An appeal bond filed and copied in the minutes during the term complies with neither Art. 817 nor 818 C.C.P. and confers no jurisdiction upon this court.

The necessity of the sureties upon a recognizance on appeal entering into the undertaking before the court is pointed out in Bennett v. State, 80 Texas Cr. Rep. 652, 194 S.W. 145, and Dickey v. State, 82 Texas Cr. Rep. 154, 198 S.W. 309.

We recognize the rule stated in the Dickey case, that where the appellant and his sureties appear in open court and enter into recognizance the fact that the sureties sign the recognizance so taken would not change the recognizance to a bail bond.

The rule has no application here for there is no showing that the sureties came into open court.

The motion to reinstate the appeal is overruled.