## FRANK FLORES v. STATE

No. 33,941.   January 3, 1962
Motion for Rehearing Overruled February 14, 1962

*Wm. Davenport,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault to murder; the punishment, 3 years.

The injured party Garza testified that, while he was standing at the bar in the Copa Caban on the night in question engaged in conversation with another patron, appellant, who was seated at one of the tables, without any warning or provocation, shot him with a pistol. He was carried to the hospital where he was treated for a few days. Trini Lopez, the owner of the bar, testified that he heard a loud noise, saw Garza fall with a lot of blood on him," and then saw his bouncer Mata and another man disarm appellant at the table. Mata testified that he heard a noise and then saw appellant with a pistol in his hand, that he disarmed appellant and later the man who assisted him turned the pistol over to Officer Williams. Williams identified the .25 caliber pistol introduced in evidence as being the one turned over to him by Mata and another.

Appellant, testifying in his own behalf, stated that he shot Garza because he had a knife in his hand "and I thought he was going to cut me" and because he believed his life and that of his brother were in danger. He testified about prior troubles with some of Garza's kinsmen. Appellant's brother and another witness corroborated his testimony, but no witness testified to any overt act on the part of Garza.

In rebuttal, the State called witnesses who testified that appellant's reputation for being a peaceable and law abiding citizen was bad.

The careful trial judge submitted the issue of self-defense and defense of another; the jury resolved what conflict there was in the evidence against appellant, and we find it sufficient to support the conviction.

In his brief and in argument, appellant complains of the overruling of his motion for new trial which alleged that the prosecutor committed error during the course of his argument and that new evidence had been discovered. We find no statement

of facts on the hearing on the motion and no formal bills of exception, and the argument is not preserved by informal bills of exception. An exhibit attached to the motion for new trial does not prove itself and cannot be substituted for a bill of exception.

Nothing is presented for review. Young v. State, 156 Texas Cr. Rep. 454, 243 S.W. 2d 587; Bridges v. State, 316 S.W. 2d 757; and Spigner v. State, 335 S.W. 2d 605.

Finding no reversible error, the judgment of the trial court is affirmed.