Thomas BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 39215.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 6, 1966.

Second Motion for Rehearing Denied May 18, 1966.

James J. Shown, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and C. A. Davis, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for assault with intent to murder with malice; the punishment, ten years.

■ It was shown by the state's testimony that appellant operated The Redman's Club on Telephone Road in the city of Houston. On the night in question, certain customers, including B. E. Meadows and Wyrie Vineyard, were in the place playing pool in a back room. Appellant was betting on the game. During the course of the game, appellant sought a loan from Vineyard, demanded that Meadows put his money on the table, and in the argument which ensued appellant produced a pistol and shot Meadows in the foot and Vineyard in the leg.

The state's testimony further shows that while the argument between appellant and the players was in progress, the injured party and prosecuting witness, Officer Howard M. White, came to the club with his partner, Officer Sandel. They stopped at the back and could hear the argument on the inside. Officer White got out and, as he walked toward the front of the building, heard some gun shots. When he reached the front door he met a large number of people coming out, including the witness Vineyard, who told him that he had been shot and that the man who shot him was in the back room with a gun. Officer White then proceeded to the back room, armed with his .45 calibre pistol, and kicked the door in with his foot. He testified that when the door "flew open" and he was standing in the doorway, appellant, who was in the room, cursed him by calling him an "s. o. b.," and then began firing. The officer stated that appellant fired directly at him four or five times and that he could hear the sound of the bullets passing by. He further stated that he returned the fire seven times with his .45 calibre service revolver and that after appellant had been struck several times he (appellant) fell to the floor and threw his .32 calibre pistol to one side.

Testifying as a witness in his own behalf, appellant stated that in his argument with Meadows and Vineyard he was trying to recover his own money, bet on the game, and that the shots he fired which struck them were fired towards the floor. He stated that when he heard someone kick the door he fired several shots at the floor and did not fire at the officer standing in the doorway. He further denied any intention to kill anyone.

The jury by their verdict rejected appellant's version of the assault, and we find the evidence sufficient to sustain the judgment of conviction.

Appellant insists that the judgment should be reversed and the cause remanded for another trial because of newly discovered evidence.

Following the jury's verdict, appellant filed an original and an amended motion for new trial. In the amended motion which he also designated as his writ of " 'error coram nobis' " appellant alleged newly discovered evidence as a ground for new trial. The affidavit of Ray Webster was attached to the motion, in which the affiant stated—in substance—that he witnessed the shooting and that the officer was not standing in the doorway at the time of the shooting but was firing around the door.

■ The motion for new trial was overruled by operation of law, and no evidence was presented by appellant in support of the same. Under the holdings of this court the motion is a mere pleading and does not prove itself. Polk v. State, 172 Tex.Cr.R. 211, 355 S.W.2d 712; Flores v. State, 172 Tex. Cr.R. 73, 353 S.W.2d 852.

There is no proof that any testimony was submitted to the jury which the prosecution knew to be false, and the case of Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9, Alcorta v. State of Texas, Tex. Cr.App., 308 S.W.2d 519, is not here applicable.

Nor is there any proof that appellant has been denied due process of law, as in Ex

parte Bush, 166 Tex.Cr.R. 259, 313 S.W.2d 287, upon which he also relies.

The judgment is affirmed.

Opinion approved by the court.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

According to the testimony of the witness Meadows the bullet "hit the side of my boot, just cut the side of my boot," instead of striking him in the foot, as stated in our original opinion. This variance does not affect the original disposition.

The other contentions re-urged have been considered and they do not present error.

The motion is overruled.

Opinion approved by the court.