Freddie Lee **KINDELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39527.

Court of Criminal Appeals of Texas.

April 27, 1966.

Rehearing Denied June 1, 1966.

Miller & Gann, by Wm. Mac Gann, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and W. Louis White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for negligent homicide in the second degree; the punishment, three hundred sixty-six days in jail.

The second count of the information, under which appellant was convicted, charged that while engaged in the performance of an unlawful act "of driving his motor vehicle onto the left hand roadway of a public road which was then and there divided into two (2) roadways by a physical barrier, to-wit, an esplanade, at a place where there was no opening in said esplanade and where no crossover or intersection established by any public authority existed," the appellant did by negligence and carelessness cause the death of Gary Keeling by causing his (appellant's) motor vehicle to collide with another vehicle, thereby killing the deceased, who was a passenger in appellant's automobile.

It was undisputed that the deceased was killed in a collision between a 1961 Corvair automobile driven by appellant and a 1955 Ford station wagon driven by one David

Knoll. At the time of the collision the deceased was riding as a passenger in appellant's automobile. The collision occurred in the 12,200 block of Market Street Road, in Harris County.

At the site of the collision, Market Street Road was a divided paved highway with two lanes for westbound traffic and two lanes for eastbound traffic. A shell esplanade divided the highway into the two roadways. At such location there were no crossroads or intersections.

It was shown by the testimony of the state's witnesses that prior to the collision the appellant was traveling west on Market Street and the Ford station wagon was traveling east. As both vehicles were proceeding in opposite directions in their proper traffic lanes, appellant's automobile crossed over the esplanade into the roadway for eastbound traffic and collided with the station wagon. One witness to the collision estimated the speed of appellant's automobile at sixty miles per hour. The point of impact between the two vehicles was approximately in the center of the roadway for eastbound traffic. Tire marks made by appellant's automobile showed that his vehicle entered the esplanade at a point where it was about four feet wide, traveled one hundred thirty-five feet down the esplanade, leaving it at a point where it was almost ten feet wide, and then traveled another forty feet into the eastbound traffic lane before colliding with the oncoming automobile.

Testifying in his own behalf appellant stated that prior to the collision he was traveling west in an inside lane and when he saw some lights "coming" toward him "across the esplanade," he turned left and did not remember anything else until after the collision.

The jury, by their verdict, found appellant guilty as charged.

Appellant insists that the evidence is insufficient to support the conviction because the state failed to prove that at the place of the collision the highway was divided into two roadways by a "physical barrier, to-wit, an esplanade," as charged in the information.

Appellant insists that the non-paved section, covered with shell, between the two roadways was not a physical barrier and he points to certain testimony in the record which showed that, on occasions, persons did drive across the esplanade and park cars thereon.

The unlawful act charged in the information is defined in Sec. 62 of Art. 6701d, V.C.S., as follows:

"Whenever any highway has been divided into two (2) roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening in such physical barrier or dividing section or space or at a cross-over or intersection established by public authority."

It appears that no court has construed the meaning of a "physical barrier," as such term is used in the statute.

Two of the civil courts of this state have held that solid yellow lines in the center of a highway constitute an "intervening space" or "dividing section" within the meaning of Sec. 62 of the statute. Mrs. Baird's Bakeries, Inc. v. Roberts (Civ. App., 1962), 360 S.W.2d 850, ref., n. r. e.; Boggus v. Miller (Civ.App., 1965), 388 S. W.2d 240, ref., n. r. e.

While an esplanade like the one in question is not a physical barrier such as a fence or other obstacle, it is a barrier within the definition found in Webster's New International Dictionary: "Any limit or boundary; a line of separation."

The unlawful act charged under the statute was the driving of a motor vehicle onto the lefthand roadway of a divided highway

at a place where there was no opening or crossover or intersection established by any public authority.

 The allegation that the highway was divided by a "physical barrier" rather than "an intervening space" or "dividing section" did not require proof that the esplanade was an impassable obstruction.

We hold the evidence sufficient to sustain the allegations of the information.

Appellant's remaining contention is that the court erred in refusing to grant him a new trial because of alleged jury misconduct.

The contention is not presented by either a formal or informal bill of exception. The juror's affidavit which was attached to the motion for new trial does not prove itself and cannot be substituted for a bill of exception. Flores v. State, 172 Tex.Cr.R. 73, 353 S.W.2d 852; Perez v. State, Tex.Cr.App., 396 S.W.2d 870. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.