Theodores TSAMOURIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44203.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

John G. Gilleland, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense, murder without malice; the punishment, three (3) years.

Appellant's retained counsel alleges four grounds of error. It is noted that no authority, statutory or otherwise, is cited in support of his assertions. Nevertheless, we have tried to "identify and understand such point[s] of objection," and they are "reviewed notwithstanding any generality [or] vagueness." Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.

Appellant first urges error in the trial court's having overruled his motion for an instructed verdict of "not guilty on the basis that the State failed wholly to prove its case of murder with malice."

The ruling of the court was clearly proper. The evidence presented by the State included testimony that the appellant shot the deceased with a pistol. Malice can be inferred from the use of a deadly weapon. Grant v. State, 449 S.W.2d 480 (Tex.Cr. App., 1970). See 4 Branch's Ann.P.C.2d, Sec. 2189, p. 534. Appellant's first ground of error is overruled.

 Appellant's second ground of error complains of the trial court's overruling of his motion for a new trial wherein he asserted a prosecution witness gave perjured testimony. No evidence is offered in support of this contention at the hearing on the motion for a new trial. The motion for a new trial is a mere pleading and does not prove itself. Brown v. State, 402 S.W.2d 168 (Tex.Cr.App., 1966). Appellant's second ground of error is overruled.

The third ground of error asserts that the conduct of the deceased's mother in and about the courtroom constituted jury tampering. Appellant's counsel gave testimony to support this allegation. At the hearing conducted on this question, other evidence was introduced which refuted his contention.[1] The trial court was satisfied that no tampering was shown. The decision on a motion for a new trial rests in the sound discretion of the trial court. In the absence of a showing of abuse of discretion, its decision will not be disturbed on appeal. Bryan v. State, 406 S.W.2d 210 (Tex.Cr.App., 1966). Appellant's third ground of error is overruled.

Appellant's fourth ground of error complains that the court erred in not allowing appellant to examine the jury immediately after they had returned their verdict as to possible misconduct. The trial Court asked upon what authority appellant's motion was made and none was offered. No authority is cited by appellant here and we know of none. Appellant's fourth ground of error is overruled.

The judgment is affirmed.

---

[1] As a general rule manifestations of grief by a relative of the deceased will not alone provide a ground for a new trial.

Todd v. State, 93 Tex.Cr.R. 553, 248 S.W. 695 (1923); See 41 Tex.Jur.2d, Sec. 58, pp. 160–161.