Joe Herman RODGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45262.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

---

3. Article 36.14, V.A.C.C.P.

4. Article 36.15, V.A.C.C.P.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, ninety-nine years imprisonment.[1]

The sufficiency of the evidence is not challenged. A statement of facts will be omitted.

The appellant alleges seven grounds of error, but cites not a single case in their support.

■ The first ground of error is that the prosecution was permitted to ask appellant's mother, whom the appellant offered as a witness,[2] the question, "The last time you were at the courthouse, you and your other son didn't threaten Mr. Lucas and I?" The witness denied such threats. The court overruled both a general objection and a motion for mistrial. The question was answered and denied before any objection was made. In light of the record we find this alleged ground of error is without merit. Such cross-examination was permissible to show the state of mind, the motive, animus, interest, bias and prejudice of the witness. Brown v. State, 72 Tex.Cr.R. 33, 160 S.W. 374 (1913); Ogburn v. State, 101 Tex.Cr.R. 180, 274 S.W. 638 (1925); Jackson v. State, Tex.Cr.App., 482 S.W.2d 864 (1972).

■ The trial court did not err in overruling the appellant's amended motion for new trial which alleges newly discovered evidence, as there is no evidence in the record to support the allegations. Mere allegations of newly discovered evidence are not sufficient to reflect error. Tsamouris v. State, 472 S.W.2d 141 (Tex.Cr.App. 1971); Webb v. State, 460 S.W.2d 903 (Tex.Cr.App.1970); Brown v. State, 402 S.W.2d 168 (Tex.Cr.App.1966).

The third ground of error is that the trial court permitted "hearsay testimony over appellant's objection to a conversation between the prosecutor and defense witness Ross Earl Williams, to the effect that the appellant had committed the robbery with this witness."

The appellant complains because the witness's statement had not been made under oath, was hearsay and was harmful because the prosecutor did not complete the impeachment of the witness.

Williams, who had pled guilty and was serving a sentence growing out of the same offense, testified that the appellant did not participate in the commission of the offense. The prosecutor, in an apparent attempt to lay a foundation to impeach Williams, asked him if, at the time he pled guilty, he had not stated to the prosecutor that the appellant "was in that car."

■ A prior inconsistent statement need not be made under oath to be used for impeachment. Foster v. State, 111 Tex.Cr.R. 278, 12 S.W.2d 574 (1928); Hutson v. State, 164 Tex.Cr.R. 24, 296 S. W.2d 245 (1956); Kampmann v. Cross, 194 S.W. 437 (Tex.Civ.App.—San Antonio 1917 writ ref.). The witness denied he had told the prosecutor that the appellant was involved in committing the offense. The prosecutor was entitled to impeach the witness if the facts were such that he could do so. Ratliff v. State, 165 Tex.Cr. R. 573, 309 S.W.2d 242 (1957); Hutson v. State, 164 Tex.Cr.R. 24, 296 S.W.2d 245 (1956); Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159 (1952). His failure to do so after attempting to lay a foundation in the absence of a showing of bad faith is not a reason for complaint by the appellant. See Lopez v. State, 171 Tex.Cr. R. 552, 352 S.W.2d 106 (1961). Since the prosecutor did not testify and the impeach-

---

1. A prior conviction alleged for enhancement of punishment was dismissed but two convictions for armed robbery were shown during the punishment stage of the trial.

2. The record reveals that the appellant's mother testified at the appellant's and her own insistence and contrary to the advice of defense counsel.

ment was not completed, hearsay evidence was not placed before the jury.[3]

Ground of error number four complains that the prosecutor argued matters not in evidence as to what happened in other cases tried by the prosecution.

■ There was some evidence in this case of harassment of the complaining witness and the prosecutor alluded to this occurring in other cases. When defense counsel interposed an objection the court promptly sustained the objection and without request instructed the jury to disregard any remarks regarding other cases. If the remarks of the prosecutor were improper, prompt action of the trial court prevented any harm to the appellant. Hammond v. State, 465 S.W.2d 748 (Tex.Cr.App.1971); Martin v. State, 475 S.W.2d 265 (Tex.Cr. App.1972).

■ The fifth ground of error is that "The trial court allowed the prosecution to argue that defense witness Ross Earl Williams had nothing to lose by testifying because the prosecution could not convict him for perjury unless 'I can't absolutely prove it.'"

Defense counsel's objection was sustained, no further relief was requested and no adverse ruling was secured, therefore, no error is shown. Moon v. State, 465 S. W.2d 172 (Tex.Cr.App.1971); Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971).

The sixth ground of error is that "The trial court allowed the prosecution to argue as follows: 'I guarantee you that he would have Jerry right here in the courtroom if Jerry existed.'"

■ The testimony of Williams had been that the appellant did not participate with him in committing the offense, but that a person he knew as Jerry had done so. In light of the record, it appears that

the argument of prosecutor was not improper. It is the rule that State's counsel may comment upon the failure of an accused to call particular witnesses in his behalf, absent a showing that such witness was incompetent to testify, or that by the exercise of due diligence, could not have secured his attendance as a witness. Curtis v. State, 167 Tex.Cr.R. 536, 321 S.W.2d 587 (1959); Barker v. State, 170 Tex.Cr. R. 226, 339 S.W.2d 674 (1960). See also Hines v. State, 160 Tex.Cr.R. 284, 268 S. W.2d 459 (1954).

■ The last ground of error is that the trial court erred in allowing the prosecution to argue that the identification in this case was more positive because it involved one Negro man identifying another Negro man.

Again, in light of the record, we perceive no error.

The judgment is affirmed.

Opinion approved by the Court.

---

3. If the prosecutor had offered evidence that the witness told him the appellant had participated in the commission of the offense it would not have been vulnerable to the objection that it was hearsay. Such testimony would have been offered for impeachment purposes, not for the truth of the statement, its testimonial or substantive value.