NO. 07-05-0407-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 24, 2006

_____

CHRISTOPHER JOSEPH HADLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY;

NO. 0934195D; HON. MICHAEL THOMAS, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Christopher Joseph Hadley (appellant) appeals his conviction for possessing methamphetamine with the intent to deliver. His three issues involve the trial court's refusal to grant his motion to suppress evidence of the contraband. This is supposedly reversible since the methamphetamine was discovered as a result of an illegal stop. We overrule the issues.

The methamphetamine in question was discovered after an officer spied appellant driving from a wooded area onto Highway 360. To get there, according to the officer, "you actually have to jump a curb." Furthermore, the officer knew of complaints about people dumping in that vicinity. Consequently, he stopped appellant. Appellant contends that the stop was improper because his conduct was as consistent with innocent activity as it was with guilty activity. We reject the contention for several reasons.

First, the Court of Criminal Appeals held that the construct to which appellant refers is no longer viable. *Woods v. State*, 956 S.W.2d 33, 38-39 (Tex. Crim. App. 1997). Thus, and contrary to appellant's supposition, innocent activity may give rise to reasonable suspicion if the totality of the circumstances, and rational inferences therefrom, nonetheless permit an officer to reasonably conclude that the detained individual actually engaged in, was engaging in, or was about to engage in criminal conduct. *Id.*

Second, statute generally prohibits one from driving over or across a physical barrier constructed to impede vehicular traffic. TEX. TRANS. CODE ANN. §545.063(b) (Vernon 1999). Furthermore, the obstruction need not be impassible for it to be a physical barrier. *Kindell v. State*, 407 S.W.2d 784, 786 (Tex. Crim. App. 1966). Here, the officer noticed that to arrive at the location where appellant was first seen, appellant would have had to jump a curb adjacent to Highway 360. Furthermore, a curb can be considered a physical barrier designed to impede vehicular traffic. Given this and §545.063(b) of the Transportation Code, we conclude that circumstances existed upon which an officer could, at the very least, reasonably suspect that appellant had engaged in unlawful conduct, *i.e.* the violation of a traffic law. And, that would have justified appellant's stop.

Accordingly, the trial court did not err in holding that the stop was lawful.  So, we affirm the judgment.


                                        Brian Quinn
                                        Chief Justice

Do not publish.