NO. 07-05-0407-CR 



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 24, 2006


______________________________



CHRISTOPHER JOSEPH HADLEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY;



NO. 0934195D; HON. MICHAEL THOMAS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Christopher Joseph Hadley (appellant) appeals his conviction for possessing
methamphetamine with the intent to deliver. His three issues involve the trial court's refusal
to grant his motion to suppress evidence of the contraband. This is supposedly reversible
since the methamphetamine was discovered as a result of an illegal stop. We overrule the
issues.

 The methamphetamine in question was discovered after an officer spied appellant
driving from a wooded area onto Highway 360. To get there, according to the officer, "you
actually have to jump a curb." Furthermore, the officer knew of complaints about people
dumping in that vicinity. Consequently, he stopped appellant. Appellant contends that the
stop was improper because his conduct was as consistent with innocent activity as it was
with guilty activity. We reject the contention for several reasons.

 First, the Court of Criminal Appeals held that the construct to which appellant refers
is no longer viable. Woods v. State, 956 S.W.2d 33, 38-39 (Tex. Crim. App. 1997). Thus,
and contrary to appellant's supposition, innocent activity may give rise to reasonable
suspicion if the totality of the circumstances, and rational inferences therefrom, nonetheless
permit an officer to reasonably conclude that the detained individual actually engaged in,
was engaging in, or was about to engage in criminal conduct. Id.

 Second, statute generally prohibits one from driving over or across a physical barrier
constructed to impede vehicular traffic. Tex. Trans. Code Ann. §545.063(b) (Vernon
1999). Furthermore, the obstruction need not be impassible for it to be a physical barrier. 
 Kindell v. State, 407 S.W.2d 784, 786 (Tex. Crim. App. 1966). Here, the officer noticed
that to arrive at the location where appellant was first seen, appellant would have had to
jump a curb adjacent to Highway 360. Furthermore, a curb can be considered a physical
barrier designed to impede vehicular traffic. Given this and §545.063(b) of the
Transportation Code, we conclude that circumstances existed upon which an officer could,
at the very least, reasonably suspect that appellant had engaged in unlawful conduct, i.e.
the violation of a traffic law. And, that would have justified appellant's stop.

 Accordingly, the trial court did not err in holding that the stop was lawful. So, we
affirm the judgment. 

 

 Brian Quinn

 Chief Justice


Do not publish.
















as Penal Code, it is
not defined in chapter 161 of the Family Code. Because the parties have not presented
any definition, statutory or otherwise, of the term for purposes of termination proceedings,
the Code Construction Act directs that we read the term in context and construe it with the
rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998).

 Webster's Third New International Dictionary 1252 (1976) defines the adverb
"knowingly" as follows:

 in a knowing manner; with awareness, deliberateness or intention.

Black's Law Dictionary 872 (6th ed. 1990) defines the term as follows:

 [w]ith knowledge; consciously; intelligently, wilfully; intentionally. An
individual acts "knowingly" when he acts with awareness of the nature of his
conduct.


Considering the constitutional implications of a proceeding to terminate parental rights and
the above definitions, we will conduct our review to determine whether the evidence is
legally and factually sufficient to support a finding that Cordell's conduct was committed
"knowingly."

Standard of Review


 The natural right existing between parents and their children is of constitutional
dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination
proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846 (Tex. 1980). 
A termination decree is complete, final, irrevocable, and divests for all time that natural
right as well as all legal rights, privileges, duties, and powers with respect to each other
except for the child's right to inherit. Holick, 685 S.W.2d at 20. In proceedings to
terminate the parent-child relationship brought under section 161.001 of the Family Code,
the petitioner must establish one or more acts or omissions enumerated under subsection
(1) of the statute, and must additionally prove that termination of the parent-child
relationship is in the best interest of the child. Both elements must be established and
proof of one element does not relieve the petitioner of the burden of proving the other. 
See Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). 

 Because termination of parental rights is of such weight and gravity, due process
requires the petitioner to justify termination by clear and convincing evidence. § 161.001. 
In Interest of G.M., 596 S.W.2d at 847. This standard is defined as "that measure or
degree of proof which will produce in the mind of the trier of fact a firm belief or conviction
as to the truth of the allegations sought to be established." Id. Although the clear and
convincing burden of proof required at the trial level is well settled, appellate courts have
struggled to reconcile this burden of proof with the standard for appellate review of
challenges to the sufficiency of evidence. As this Court has previously noted, the clear
and convincing standard does not alter the rules generally applicable when appellate
courts review factual findings. In Interest of R.D.S., 902 S.W.2d 714, 716 (Tex.App.--Amarillo 1995, no writ). 

 That being said, we turn to the well settled standards of review for challenges to
sufficiency of the evidence. When presented with a challenge to the legal sufficiency of
the evidence, the reviewing court must consider all the evidence in a light most favorable
to the party in whose favor the finding was rendered indulging every reasonable inference
in that party's favor. Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276,
285-86 (Tex. 1998). If there is any evidence of probative force to support the finding, the
finding must be upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.
1997). In reviewing a challenge to the factual sufficiency of the evidence, the court must
consider, weigh, and examine all the evidence of record. Plas-Tex, Inc. v. U.S. Steel
Corp., 772 S.W.2d 442, 445 (Tex. 1989). The court should set aside a finding only if the
evidence which supports the finding is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).

Analysis


 Cordell testified that she took her son to the emergency room because he had been
vomiting for several hours. Testimony of emergency room personnel and physicians
established that (1) x-rays disclosed the child had suffered several broken ribs but, (2)
there were no external or visible indications of injury to the ribs. Although Cordell
acknowledged that she and Podzemny had engaged in some acts of domestic violence
directed toward each other, she attributed D.P.'s injuries to the babysitter. Because there
is some evidence of probative force to support the trial court's finding and considering the
evidence in a light most favorable to the Department and indulging every reasonable
inference in its favor, we conclude the evidence is legally sufficient to support the
termination order. Point of error one is overruled. 

 We begin our factual sufficiency review by revisiting the article written by former
Chief Justice Robert W. Calvert. He wrote:

 "Insufficient evidence" points may, and should, be sustained when the record
discloses either of the following situations: (a) the evidence is factually
insufficient to support a finding of a vital fact, or (b) the finding of a vital fact
is so contrary to the great weight and preponderance of the evidence as to
be clearly wrong.

 

Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361,
366 (1960). Because no eye-witnesses testified as to who injured D.P. or when and how
the injuries occurred, there is little, if any direct evidence regarding these matters. 
However, even though causation can be established by circumstantial evidence when it
may be fairly and reasonably inferred from other facts proved by direct evidence, a vital
fact may not be established by "piling inference upon inference." See Schlumberger Well
Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d 854, 858 (Tex. 1968); Roth v. FFP
Operating Partners, 994 S.W.2d 190,197 (Tex.App.--Amarillo 1999, pet. denied).

 We first address the contention that Cordell engaged in conduct that endangered
D.P. which is part of the requirement under section 161.001(1)(E). Termination under this
provision may not be based on a single act or omission, but a showing of a course of
conduct is required. See In Re D.T., 34 S.W.3d 625, 634 (Tex.App.--Fort Worth 2000, no
pet.) (reversing on grounds of factual insufficiency). Also, under this section, the cause
of the danger to the child must be the parent's conduct alone as shown by actions or
omissions or failure to act. See Doyle v. Texas Dept. of Pro. And Reg. Serv., 16 S.W.3d
390, 395 (Tex.App.--El Paso 2000, pet. denied) (reversing on grounds of factual
insufficiency). Regarding this issue, the Department candidly acknowledges in its brief: 

 [w]hile it is impossible to avoid the suspicion that Appellant personally
inflicted the child's injuries, there is no direct evidence of that fact in the
record.


However, evidence raising a suspicion only is not clear and convincing evidence sufficient
to support a finding that Cordell caused the injuries or engaged in conduct that
endangered D.P. 

 We next consider the Department's remaining contentions that under section
161.001(1) (D) and (E), Cordell acted "knowingly," which resulted in endangerment to D.P. 
As noted above, Cordell testified that she took the child to the emergency room because
of prolonged vomiting; however, according to the Department's evidence, no signs of
violence or abuse were visible and the injuries were detected only after x-rays. Based on
an emergency order obtained by the Department, D.P. was removed from his mother's
care while in the hospital and since then D.P. has not been under Cordell's care or control,
thereby precluding a determination of knowing endangerment after the child was taken to
the hospital. Further, although maternal instincts are strong, without evidence of Cordell's
level of medical and infant care training and no visible injuries, knowledge that D.P. had
been injured before Cordell took him to the emergency room cannot be based on surmise. 

 Moreover, the Department also acknowledges in its brief that there is "little
evidence that the Appellant placed the child in conditions endangering" the child's physical
or emotional well-being. It is undisputed that D.P. sustained injuries to his ribs, but there
is no evidence showing how, when, nor by whom the child was injured. Although the
evidence suggests that the list of persons who could have caused the injuries can be
narrowed to Cordell, Podzemny, or the babysitter, where, as here, circumstances are
consistent with either of two or more facts and nothing shows that one is more probable
than the other, none may be inferred. Roth, 994 S.W.2d at 197. Resultantly, absent 
knowledge of who injured D.P., a finding that Cordell knowingly placed or allowed him to
be subject to an unsafe environment or circumstances is not supported by clear and
convincing evidence. After reviewing all the evidence and applying the appropriate
standard of review, we conclude the evidence supporting termination of Cordell's parental
rights has not been demonstrated by clear and convincing evidence and is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Point of error
two is sustained.

 Accordingly, the judgment is reversed and the cause is remanded to the trial court
for a new trial.

 Don H. Reavis

 Justice



Publish. 

1. All references herein to section 161.001 are to the Texas Family Code Annotated
(Vernon Pamph. Supp. 2002).