In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-252 CR


____________________



JAMES CARROLL CHEVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 90645






 MEMORANDUM OPINION


 In this case, the defendant asserts that the trial court's comment that followed his
objection to the prosecutor's closing argument deprived him of a fair trial. We conclude that
the defendant failed to preserve any error for our review. Therefore, we overrule defendant's
sole issue and affirm his conviction. 



Background and Issue on Appeal


 The State indicted James Carroll Chevis (1)
 for an aggravated robbery that occurred on
October 14, 2003. See Tex. Pen. Code Ann. § 29.03(a)(2)(Vernon 2003). Chevis pled not
guilty. During the guilt-innocence phase of the trial, Chevis and another witness testified on
his behalf. Chevis denied that he committed the robbery and testified that he was with his
former girlfriend on the day it occurred. The former girlfriend testified that Chevis was with
her on the date of the robbery. However, the victim identified Chevis as the person who shot
him during the robbery. Jerome Baines, Jr., a participant in the robbery, also testified that
Chevis shot the victim. Subsequently, the jury found Chevis guilty of aggravated robbery. 
 During closing argument of the guilt-innocence phase, the following transpired:

 [Prosecutor]: And, ladies and gentlemen, that is all the
evidence that you really need to render a verdict
in this case, because you have a credible
eyewitness who was with this man for 15 to 20
minutes, looked death in the face and then got
shot.


 And [the defense attorney] has done a real
neat thing about rabbit trails. Well, [the victim]
told you this was a gunshot wound. (Displaying)
And he told you this was a powder burn. And did
the defendant bring you any evidence, any expert
saying, well, that looks like a bruise or a scar or
some kind of things? They didn't do that. They
could do that.


 [Defense counsel]: Objection, Your Honor. He's shifting the burden 

 to the defense.


 The Court: I have properly instructed that the burden of proof 

 rests with the State throughout the trial. 


On appeal, Chevis asserts that the statement by the trial court was prejudicial and deprived
him of a fair trial.

Error Preservation


 Generally, an objection and ruling are required to preserve issues for appellate review.
Tex. R. App. P. 33.1(a). "'Except for complaints involving systemic (or absolute)
requirements, or rights that are waivable only . . . all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).'" Neal v. State,
150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting Mendez v. State, 138 S.W.3d 334, 342
(Tex. Crim. App. 2004)); accord Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App.
2005); Martinez v. State, 91 S.W.3d 331, 335-36 (Tex. Crim. App. 2002); see Barnett v.
State, 189 S.W.3d 272, 278 (Tex. Crim. App. 2006). 

 Chevis's objection at trial, that the argument shifted the burden of proof, concerned
the danger that Chevis's defense attorney perceived with the prosecutor's argument. The
judge's response, in our judgment, was a direct response to the defense attorney's concern. 
To the extent that the prosecutor's argument might have caused confusion by individual
members of the jury as to which party bore the burden of proof, the trial court's statement
appears to have been intended to clear up any potential confusion. (2) In general, clearing up
potential confusion caused by the trial attorneys during trial falls within the broad discretion
given to a judge to control a trial. See generally Jasper v. State, 61 S.W.3d 413, 421 (Tex.
Crim. App. 2001) (finding that the trial judge's statement to a jury that a witness had not
reduced a statement to writing did not rise to the level of a comment warranting review
without an objection).

 In this case, the trial court's comment did not touch upon the presumption favoring
the defendant's innocence or diminish the jury's duty of being an impartial finder of fact. 
See id; see also Saldano v. State, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002). As the
alleged error in this case cannot be categorized as an absolute, systemic requirement or a
right that is waivable only, we conclude that to preserve the right for appellate review, Chevis
was required to lodge a proper objection, motion, or complaint with the trial judge. See
Mendez, 138 S.W.3d at 342; Saldano, 70 S.W.3d at 888-89; see also Tex. R. App. P. 33.1(1). 
Accordingly, we conclude that Chevis may not complain about the trial judge's statement
because his alleged error was not preserved for appellate review. Defendant's sole issue is
overruled. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on October 11, 2007

Opinion Delivered February 20, 2008

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The indictment identified the defendant as James Carroll Chevis. However, at trial,
Chevis testified that his name is James Carroll Chevis, II. He does not argue that the
indictment was defective.

2. It is not clear to us that the prosecutor's argument was improper. Although not
argued in the briefs submitted by the parties, the evidence indicated that the robbery victim
was treated and released from a hospital on the day of the robbery. If the prosecutor's
argument referenced the defendant's failure to call any of the victim's health care providers
to contradict the victim's testimony about the cause of his injuries, it would not have been
improper argument. See Rodgers v. State, 486 S.W.2d 794, 797 (Tex. Crim. App. 1972)
(explaining that a prosecutor may comment on the accused's failure to call a witness absent
a showing that the witness was incompetent or that the accused could not, despite his
exercise of due diligence, secure the witness's attendance at the trial); Lee v. State, 21
S.W.3d 532, 544 (Tex. App.-Tyler 2000, pet. ref'd) (prosecutor's comment on the accused's
failure to call the doctor that the accused told a witness he had taken the victim to see was
not improper jury argument).