**Affirmed and Memorandum Opinion filed March 31, 2015.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-14-00211-CR

---

**CONTINA FELICIA MEANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1916493**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Contina Felicia Means of misdemeanor theft. The trial court sentenced appellant to confinement for 180 days in the Harris County Jail, suspended appellant's sentence, and placed her on community supervision for one year. Appellant challenges her conviction asserting she received ineffective assistance of counsel. We affirm.

## BACKGROUND

A loss-prevention associate with Wal-Mart saw appellant leaving the store without paying for items in her shopping basket. Appellant was accompanied by another woman, whom appellant would later identify as "N.O." When the loss-prevention associate approached the two women, he was able to stop appellant, but the other woman walked away. Appellant testified that she or N.O. had paid for all the items in the shopping basket.[1]

## INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

In a single issue, appellant claims defense counsel's assistance was ineffective during the guilt-innocence phase of trial. Specifically, appellant argues counsel's failure to object to the State's closing argument allegedly shifting the burden of proof to appellant to prove her innocence deprived appellant of effective assistance of counsel.

To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this

---

[1] We limit our discussion of the evidence to that which is necessary for the issue raised on appeal.

presumption, an appellant's claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The record reflects that during closing argument, the State argued, without objection, as follows:

> So, she's going to talk about N.O., the mystery woman, the N.O. who's in Louisiana, who nobody can find.
>
> She could've been subpoenaed; those videos could have been subpoenaed by the defense; the loss prevention officer in the parking lot could have been subpoenaed by defense, none of that happened.
>
> . . .
>
> She was on video. You know she's there. You know she's with this woman. She knows her well enough to take her to Wal-Mart, pay for her stuff; but we still don't know who she is. She's not sitting there supporting this story. She's not sitting there defending Ms. Means in any way.

Citing *Garrett v. State*, 632 S.W.2d 350, 353 (Tex. Crim. App. 1982), appellant argues the State may not comment on the failure to call competent and material witnesses unless it is shown that such witnesses were available to testify on her behalf. An attorney's failure to object to proper argument cannot be ineffective assistance, so we first decide whether the State's argument was improper. *Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

*Garrett* is distinguishable from the case at bar. In *Garrett*, the issue was the prosecution's comment in closing that the defendant was "a man that if his friends and family could bring you an alibi [defense, they] would [have]." *Id*. The Court of Criminal Appeals found that this statement was not only outside the record but also constituted an improper allusion to the defendant's failure to testify because the State put on all of the witnesses who were present during the robberies and there was no evidence before the jury that anyone else was available. *Id*. The high court found that "there was nothing whatsoever to reflect that the appellant had any witnesses who could have testified to the defense of alibi." *Id*. at 351. The *Garrett* court held that the comment clearly constituted trial error because the defendant was the only person left who could have been in a position to testify as to an alibi. *Id*. at 353. (explaining that "an implied or indirect allusion to the failure of the accused to testify" is not enough to support error unless the comment calls "for a denial of an assertion of fact ... that only the defendant is in a position to offer").

Appellant testified, and in the State's closing argument the prosecutor, referred to evidence that could have come from N.O., not to evidence that could come only from appellant. The State may assert in its closing argument that the defendant failed to present evidence in her favor. *See Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (stating that prosecutor may comment on defendant's failure to call certain witnesses and such comment is not impermissible attempt to shift burden of proof); *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (prosecutor's reference during closing argument to defendant's failure to produce expert testimony was not improper because the remark did not fault the defendant for exercising his right not to testify); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995) (holding that a prosecutor's comment is not improper if it "can reasonably be construed to refer to appellant's failure to produce evidence

4

other than his own testimony"); *Rodgers v. State*, 486 S.W.2d 794, 797 (Tex. Crim. App. 1972) (explaining that a prosecutor may comment on the accused's failure to call a witness absent a showing that the witness was incompetent or that the accused could not, despite his exercise of due diligence, secure the witness's attendance at the trial); *Baines v. State*, 401 S.W.3d 104, 107–08 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that a prosecutor's comment on the defense's failure to subpoena two witnesses was not error); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that "[d]uring jury argument, the State may comment on appellant's failure to present evidence in his favor"). Thus, the argument was not improper and there could be no ineffective assistance of counsel by failing to object. *See Johnson v. State,* 987 S.W.2d 79, 84 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). We overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).